UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. SCHMUCK, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-07-270 |
| COMMONWEALTH OF PENNSYLVANIA, | : (Judge McClure) |
| Respondent | : |

**MEMORANDUM**

November 19, 2007

**Background**

William P. Schmuck ("Petitioner" or "Schmuck"), an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is the Commonwealth of Pennsylvania. Service of the petition was previously ordered.

Schmuck admits that on April 9, 2001, he robbed two (2) stores in Harrisburg, Pennsylvania which were located within a one (1) block radius. He committed those robberies within a twelve (12) minute span while armed with a knife.

The Petitioner was arrested the next day. Following a jury trial in the Dauphin County Court of Common Pleas, he was convicted of two (2) counts of armed robbery and related offenses. According to the petition, Schmuck was sentenced to an aggregate thirty-three (33) to sixty-six (66) year term of imprisonment on December 13, 2001,.[1] See Record document no. 1, ¶ 3.

There is no indication that a direct appeal was timely filed following Schmuck's conviction. However, Petitioner did seek relief under Pennsylvania's Post Conviction Relief Act. ("PCRA").[2] See Record document no. 13, Exhibit 2. On July 22, 2003, Schmuck's counseled PCRA petition was granted and his right to direct appeal was reinstated. See id. Exhibit 3. In his subsequent reinstated direct appeal, Petitioner challenged the sufficiency of the evidence and the legality of the sentence imposed. On May 24, 2004, Pennsylvania's Superior Court denied relief. See id. Exhibit 12.

---

1. A review of the record indicates that the sentence was actually imposed on December 20, 2001.

2. See 42 Pa. Const. Stat. Ann. §§ 9541-546. "[The] P.C.R.A. permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Schmuck next filed a PCRA action which was dismissed by the Court of Common Pleas on June 2, 2005. A subsequent appeal to the Superior Court was dismissed on February 14, 2006 after Petitioner failed to submit a supporting brief. See id. Exhibit 19.

Petitioner maintains that his present federal habeas petition is not contesting his guilt or the facts that support his conviction, the movant is only challenging the process and the legality of his sentence. Id. at ¶ 41. Specifically, he contends that the aggregate thirty-three (33) to sixty-six (66) year state sentence imposed was excessive because it is essentially a life sentence for a crime that netted one hundred and twenty-five dollars ($125.00) and did not result in injury to the victims. Schmuck adds that the sentence is unjust because: he is not a high risk for future crimes; his conduct was less serious than typical armed robbery and showed that he was unwilling to use violence; the crimes were compulsive and committed while in an alcohol and drug induced state; there was no malice; and the sentence prevents him from obtaining needed rehabilitation and treatment.[3] Furthermore, the sentencing court purportedly

---

3. Schmuck indicates that he requires treatment because he is bipolar, an alcoholic, and addicted to crack cocaine. He adds that he only committed the robberies because he was unable to afford his anti-depressant medication. However, this assertion is somewhat undermined by his indication that he purchased alcohol and drugs which he ingested prior to committing the crimes.

3

increased Schmuck's sentence because he refused to accept a plea bargain and committed an *ex post facto* violation when it misapplied 42 Pa. C.S.A. § 9714(a)(2) by using two (2) prior robbery convictions to enhance his sentence. His petition also claims ineffective assistance of counsel and that the effects of medication used to treat his mental health condition prevented him from assisting in his defense.

## **Discussion**

The Respondent argues that Schmuck is not entitled to federal habeas corpus relief because: (1) he failed to fully exhaust his available state court remedies, (2) his petition is untimely; (3) his bald assertions of ineffective assistance are insufficient; (4) the evidence was sufficient to support Petitioner's conviction; and (5) a reasonable sentence was imposed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A)

> the date on which the judgment became final by the
> conclusion of direct review or the expiration for
> seeking such review . . .
> (d)(2) The time during which a properly filed
> application for State post conviction or other collateral
> review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of
> limitation under this subsection.

See also, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). The Respondent argues in part that dismissal of the petition is required because it was "filed after the expiration of the Statute of Limitations." Record document no. 11, at 6. It is further asserted that Schmuck "should have filed his petition for habeas corpus relief within one year of May 24, 2004." Id. at 7.

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich, Feb 14,

2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

On May 24, 2004, the Pennsylvania Superior Court denied Schmuck's reinstated direct appeal. His conviction was final at that juncture for purposes of the exhaustion of state court remedies requirement.[4] This Court disagrees with the Respondent's contention that Petitioner's conviction became final as of that date for purposes of § 2244(d)(2) analysis. In addition, it is unclear whether Schmuck's conviction became final for statute of limitation purposes thirty (30) days later (June 24, 2004) when he failed to seek review from the Pennsylvania Supreme Court or on August 24, 2004, when the ninety (90) day period during which Schmuck could seek

---

4 .   Pennsylvania Supreme Court Order No. 218 provides that all available state remedies are deemed exhausted for purposes of **federal habeas corpus relief** when the Pennsylvania Superior Court issues a decision with respect to appeals from criminal convictions or post conviction relief matters. See Williams v. Wynder, 232 Fed. Appx. 177, 178-79 (3d Cir. 2007).

It is unclear as to what effect Order No. 218 had with respect to direct review of Pennsylvania state criminal convictions, i.e; whether it permits a state criminal appellant to bypass the Pennsylvania Supreme Court and seek *certiorari* from the United States Supreme Court.

If the Petitioner had unsuccessfully sought review from the Pennsylvania Supreme Court, the one year limitations period would have begun to run ninety (90) days after the date of the Pennsylvania's Supreme Court's decision (the final date upon which Schmuck could have petitioned for *certiorari* from the United States Supreme Court. See Washington v. Byrd, 2002 WL 461729 *3 (E.D. Pa. March 22, 2002).

*certiorari* review from the United States Supreme Court expired.  See  Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).  However, resolution of that question is unnecessary in the present case because under either computation method, Schmuck's pending action is untimely.  Consequently, the Court will employ the method most beneficial to the Petitioner and assume that he had until August 24, 2005 in which to initiate a timely § 2254 petition.

Following the unfavorable disposition of his reinstated direct appeal, Schmuck filed a PCRA petition on December 30, 2004 and said action concluded on February 14, 2006 when the Pennsylvania Superior Court dismissed his appeal for failure to submit a supporting brief.  § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court.  When a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted.[5]  A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  The Court of

---

5.   The statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court.  Jones, 195 F.3d at 158.

Appeals for the Third Circuit has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000).

Schmuck's PCRA action, even though it was not addressed on its merits, was a properly filed application for post conviction relief as contemplated under § 2244(d)(2).[6] Therefore, Petitioner is entitled to statutory tolling of the statute of limitations for the period in which his PCRA action was pending before the Pennsylvania state courts, including the thirty (30) days in which he could have requested review by the Pennsylvania Supreme Court  (December 30, 2004-March 14, 2006) .[7]

Schmuck's present habeas corpus petition is dated December 7, 2006. Under the standards announced in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the petition will be deemed filed as of that date.  Based upon the above analysis, the one year statute of limitations began to run on August 24, 2004.  It stopped running on

---

6 .   As previously noted, Schmuck's initial PCRA action was successful and resulted in reinstatement of his direct appeal rights.

7 .   "Pending," however, does not include the period during which a state prisoner may file a petition for writ of <u>certiorari</u> in the United States Supreme Court from the denial of his state post-conviction petition. <u>Stokes v. District Attorney of the County of Philadelphia</u>, No. 99-1493, 2001 WL 387516, at *2 (3d Cir.  April 17, 2001).

December 30, 2004 (after a period of four (4) months and six (6) days) when Petitioner filed a timely PCRA action.

The clock restarted on March 14, 2006. Schmuck's present federal petition was filed on December 7, 2006 (eight (8) months and twenty-two (22) days later). Upon adding the pre-PCRA period to the post-PCRA period it is apparent Petitioner's pending action was initiated twenty-eight (28) days after expiration of the one (1) year period authorized by § 2244(d).

However, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[8] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Johnson v.

---

8. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

Hendricks, 314 F. 3d 159 (3d Cir. 2002)(attorney error was not a sufficient basis for equitable tolling);   Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990) (the principles of equitable tolling do not extend to claims of excusable neglect).

With respect to the issue of equitable tolling, the Petitioner has not demonstrated the extraordinary and rare circumstances required for the equitable tolling exception under Jones.   While this Court is sympathetic to the plight of *pro se* litigants, under the standards set forth in Miller and Jones, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling

Since Schmuck's petition was not filed within the one (1) year period, his present claims regarding his Dauphin County conviction and resulting sentence which was imposed on December 13, 2001 were clearly initiated outside of the one year period authorized by § 2244(d).  Since his claims are time barred they are precluded from consideration by this Court.  Thus, the Respondent's request that Schmuck's petition be dismissed under § 2244(d)(1)(A) will be granted.

          s/ James F. McClure, Jr.
          JAMES F. McCLURE, JR.
          United States District Judge
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. SCHMUCK, | : |
| | : |
| Petitioner | : |
| | :   CIVIL NO. 4:CV-07-270 |
| | : |
| v. | :   (Judge McClure) |
| | : |
| COMMONWEALTH OF PENNSYLVANIA, | : |
| | : |
| Respondent | : |

## ORDER

November 19, 2007

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is DISMISSED as being untimely filed.

2. The Clerk of Court is directed to CLOSE the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a Certificate of Appealability.

        s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge