UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM P. SCHMUCK, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-07-270 |
| COMMONWEALTH OF PENNSYLVANIA, | : (Judge McClure) |
| Respondent | : |

## **O R D E R**

June 16, 2008

**Background**

William P. Schmuck ("Petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"). Named as Respondent is the Commonwealth of Pennsylvania.

Following a jury trial in the Dauphin County Court of Common Pleas, Schmuck was convicted of two (2) counts of armed robbery and related offenses. According to the Petition, Schmuck was sentenced to an aggregate thirty-three (33) to

sixty-six (66) year term of imprisonment on December 13, 2001.[1]  See  Record document no. 1, ¶ 3.

Petitioner sought federal habeas corpus relief on the grounds that his sentence was excessive in that it was essentially a life sentence for a crime that netted one hundred and twenty-five dollars ($125.00) and did not result in injury to the victims.  Schmuck additionally argued that the sentence was unjust because:  he is not a high risk for future crimes; his conduct was less serious than typical armed robbery and showed that he was unwilling to use violence; the crimes were compulsive and committed while in an alcohol and drug induced state; there was no malice; the sentence prevents him from obtaining needed rehabilitation and treatment;  his sentence was increased because he refused to accept a plea bargain; and  two (2) prior robbery convictions were improperly used to enhance his sentence.  His Petition also claims ineffective assistance of counsel and that the effects of medication used to treat his mental health condition prevented him from assisting in his defense.

Respondent argued that Schmuck was not entitled to federal habeas corpus relief because: (1) he failed to fully exhaust his available state court remedies, (2) his petition was untimely; (3) his bald assertions of ineffective assistance were

---

1.  A review of the record indicates that the sentence was actually imposed on December 20, 2001.

insufficient; (4) the evidence was sufficient to support Petitioner's conviction; and (5) a reasonable sentence was imposed.

In a Memorandum and Order dated November 19, 2007, this Court correctly noted that the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a one (1) year statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254.[2] Based upon a thorough review of the procedural history of Petitioner's state criminal proceedings, the Memorandum and Order concluded that Schmuck's federal habeas corpus petition

---

2. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:
   (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review; . . .

   (D)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See also, *Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

3

was initiated outside of the one (1) year period authorized by § 2244(d) and therefore precluded from consideration.

Presently before the Court is Petitioner's motion seeking reconsideration of the dismissal of his action. *See* Record document no. 22. Also pending are Schmuck's motions for allowance of appeal (Record document no. 23) and his motion asking this Court to read his trial transcripts (Record document no. 15). All three (3) motions are ripe for consideration.

## **Discussion**

## **Motion for Reconsideration**

Petitioner generally asserts that this Court should reconsider the dismissal of his action on the grounds that he does not understand the law at all and failed to previously submit a copy of the petition for allowance of appeal which he filed with the Pennsylvania Supreme Court.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

It is initially noted that Petitioner's reconsideration motion was not filed within ten (10) days following the dismissal of his petition as required by M.D. Pa. Local Rule 7.10 and therefore is subject to dismissal as being untimely. In addition, the reconsideration motion lacks merit. This Court's Memorandum and Order of November 17, 2007 correctly noted that on May 24, 2004, the Pennsylvania Superior Court denied Schmuck's reinstated direct appeal.[3] The Memorandum and Order

---

3 .   On July 22, 2003, Schmuck's counseled petition under Pennsylvania's Post Conviction Relief Act. ("PCRA") was granted and his right to direct appeal was reinstated.

concluded that it was unclear whether Schmuck's conviction became final for statute of limitation purposes thirty (30) days later (June 24, 2004) when he failed to seek review from the Pennsylvania Supreme Court or on August 24, 2004, when the ninety (90) day period during which Schmuck could seek *certiorari* review from the United States Supreme Court expired.  See  Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).  However, the August 24, 2004 date, which was the most beneficial to Schmuck, was employed by this Court in computing the timeliness of his federal petition.

The Memorandum and Order added that Schmuck's PCRA action, which was filed  December 30, 2004 and concluded on February 14, 2006, was a properly filed application for post conviction relief as contemplated under § 2244(d)(2). Therefore, Petitioner was afforded statutory tolling of the statute of limitations for the period in which that PCRA action was pending before the Pennsylvania state courts, including the thirty (30) days in which Schmuck could have requested review by the Pennsylvania Supreme Court  (December 30, 2004-March 14, 2006).

Pursuant to the standards announced in Houston v. Lack, 487 U.S. 266 (1988), Schmuck's habeas corpus petition which is dated December 7, 2006 was deemed filed as of that date.  Based upon those factors, it was determined that the applicable one (1) year statute of limitations began to run on August 24, 2004.  It

stopped running on December 30, 2004 (after a period of four (4) months and six (6) days) when Petitioner filed his PCRA action.   The clock restarted on March 14, 2006.

Schmuck's federal petition was filed on December 7, 2006 (eight (8) months and twenty-two (22) days later).  Upon adding the pre-PCRA period to the post-PCRA period it is apparent that Petitioner's action was initiated twenty-eight (28) days after expiration of the one (1) year period authorized by § 2244(d).  This Court also noted that the Petition did not allege any extraordinary circumstances which would warrant an award of equitable tolling.

Petitioner's pending motion for reconsideration does not present any facts or arguments which would undermine this Court's prior determination that his petition was not filed within the permissible one (1) year period.   Schmuck's reconsideration motion has also failed to establish the presence of any errors of law or fact and it does not set forth any newly discovered evidence or precedent which would establish a basis for equitable tolling of the limitations period.  Schmuck's motion for reconsideration will be denied.

**Motion For Leave to Appeal**

On the same day he submitted his reconsideration motion, Schmuck also filed a document entitled "Petition for Allowance of Appeal." Record document no. 23. The document was docketed as a motion for leave to appeal.

In his reconsideration motion, Petitioner indicates that "I am sending along a petition for allowance of appeal I sent to the Supreme Court of PA, the reason I am sending the Petition is because I don't think you have a copy of it in my records." Record document no. 22, at 1.

Based upon Schmuck's expressed intention and an independent review of the Petition for Allowance of Appeal, it is apparent that said document is simply a copy of a pleading filed by Petitioner in state court which is being submitted solely as an exhibit in support of Schmuck's reconsideration motion. Accordingly, additional action is neither requested nor required with respect to said filing.

**Motion to Read Trial Transcripts**

Petitioner has also filed a motion requesting that this Court read his state trial transcripts. *See* Record document no. 15. Based upon the Court's conclusion that this action is barred by the applicable statute of limitations, Schmuck's motion is subject to dismissal on the basis of mootness.

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for reconsideration (Record document no. 22) is DENIED.

2. Schmuck's petition to file an appeal (Record document no. 23) is simply an exhibit in support of his reconsideration motion and requires no additional action.

3. Petitioner's motion requesting the Court to read his trial transcripts (Record document no. 15) is DENIED AS MOOT.

        s/James F. McClure, Jr.
        JAMES F. McCLURE, JR.
        United States District Judge